IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| KAROLINA OBRYCKA, MARTIN KOLODZIEJ, and EVA CEPIASZUK, Plaintiffs, v. CITY OF CHICAGO, a Municipal Corporation, ANTHONY ABBATE, Jr., GARY ORTIZ, PATTI CHIRIBOGA, and JOHN DOE, Defendants. | | No.: 07 C 2372 Judge Amy J. St. Eve Courtroom 1241 Magistrate Judge Nan R. Nolan |

MOTION FOR A PROTECTIVE ORDER
AND FOR SANCTIONS

NOW COME the Plaintiffs, Karolina Obrycka, Martin Kolodziej and Eva Cepiaszuk, by and through their attorneys, EklWilliams PLLC and the Law Offices of Gus Munoz, and respectfully move this Honorable Court for the entry of a Protective Order in this matter pursuant to Federal Rule of Civil Procedure 26(c), and for monetary Sanctions against the Defendant, City of Chicago, pursuant to this Court's Inherent Authority, in support whereof, the Plaintiffs state as follows:

1. On the morning of May 29, 2008, the parties' counsel convened the first of two depositions of the City's party-control witnesses, Detective Wronkowski.

At the time of his appearance for his deposition that had been scheduled since April 4, 2008, the witness presented at the Plaintiffs' counsel's offices armed with a firearm. The City's counsel, E. Barrett Rubens, represented that the Detective was on duty and was required by general order to wear his firearm at all times. Plaintiffs' counsel refused to allow the witness entry into their offices unless the witness disarmed. In the words of the City's counsel, she asked (not rhetorically) "What's wrong with it?"

    2. However, as a compromise, the attorneys for the Plaintiffs and the City contacted a local police department who agreed to allow the Detective to store the weapon in a gun locker until the deposition was concluded. The City's attorney represented that this was a one time compromise, and offered to hold future depositions at the City's offices as an alternative. Otherwise, counsel refused to accede to Plaintiffs' counsel's demands that no future police officers appear for their depositions anywhere armed with a firearm. Plaintiffs' counsel impressed that the location of the deposition was not the issue, but rather the fact that the witness was armed. This concern was disregarded by the City's counsel.

    3. On the afternoon of May 29, 2008, the parties' counsel again convened to conduct the next deposition scheduled of Detective Skala. Prior to entering the deposition conference room, Plaintiff's counsel inquired of the officer witness whether he was armed. He advised that he was not. However, counsel for the City, Anne McInnis, represented that the City's party control witnesses who are sworn

officers are obligated by general order to wear their service firearm at all times while on duty, and that while off duty are entitled to carry a weapon.  Counsel for the City indicated that Officer Skala was appearing without his firearm at this deposition to make a temporary accommodation for Detective Skala's deposition only, and that this accommodation would not be made at future depositions of Chicago Police Officers, and that they would be (or were entitled to be) armed with firearms during their depositions, whether they are on duty or off duty at the time of their depositions.

4.      The position that a witness (especially a party control witness) will be (or is entitled to be) armed during a deposition is at the acme of absurdity, and is a clear demonstration of the extremes of conduct to which the City will go in this litigation to harass and oppress the Plaintiffs and their attorneys.  While the City claims that they cannot see what is wrong with an armed adverse witness being interrogated in a deposition, there is plenty wrong with it.  First, the issues in connection with this case are contentious, such that some of the City's witnesses will be challenged in their depositions as liars and conspirators.  The prospect that an adverse witness is armed will certainly affect the manner in which Plaintiffs' Counsel will feel comfortable in probing the demeanor and challenging the credibility of a witness. Second, the Plaintiffs' complaint in this case details police brutality, abuse of authority and intimidation.  Given the Plaintiffs' experiences, the Plaintiffs will feel intimidated and scared to sit in depositions with armed

adverse police officers, which is a great prejudice to the Plaintiffs and their right of access to the Courts. Third, the idea of armed adverse witnesses, even if police officers, is completely unprecedented. The undersigned counsel was a prosecutor for over 5 years, calling hundreds of police officer witnesses, and in private practice has conducted or defended in approximately 50 depositions of police officers. Never has the undersigned counsel seen a police officer witness armed during testimony.

5. Regardless, Plaintiffs respectfully submit the City knows exactly what is wrong with it, and that their insistence toward allowing such an absurdity as an armed adverse witness in connection with a Court proceeding is the definition of bad faith, intended to interfere with the Plaintiffs' right to conduct discovery in an environment free of oppression and harassment (and, frankly, the threat of personal harm). More pointedly, their position is exposed as one designed to influence where the depositions of the officer witnesses proceed.

6. Specifically, as noted in ¶1, above, immediately after the undersigned objected to an armed witness sitting for a deposition, the City's counsel, E. Barrett Rubens, suggested an alternative that the deposition go in her offices downtown. At the time, undersigned counsel explained that the concern was that Plaintiffs and their counsel would feel intimidated questioning an armed adverse witness, and the location of the deposition was not the issue. Nevertheless, even after that conversation the City's counsel followed up with a written suggestion that the upcoming depositions proceed at Corporation Counsel's offices as a resolution of the

issue. See attached EXHIBIT A. This suggestion was flatly refused for obvious reasons. See attached EXHIBIT B.

7. The City's position and tactical gamesmanship, leveraging the safety of the Plaintiffs and their attorneys to induce them to conduct the depositions of the officers witnesses at the Offices of Corporation Counsel is both personally offensive to the Plaintiffs and their counsel and contemptuous of this Court's authority.

8. This Court is vested with the inherent authority, free of the confines of the rules of procedure, to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. Chambers v. NASCO, Inc., 502 U.S. 32, 43 (1991). Toward these goals, it is proper for this Court to exercise its inherent authority to rectify flagrant contempt demonstrated by litigants and their attorneys for the Court and its processes. Id (a Court may award sanctions if the conduct is in bad faith, vexatious, wanton or for oppressive reasons); see Dotson v. Bravo, 321 F.3d 633, 667-68 (2003). The power reaches both conduct before the Court and that beyond the Court's confines. Chambers, 502 U.S. at 44. The City's conduct here is that of flagrant contempt for this Court and its processes, is in bad faith, is vexatious and for oppressive reasons.

9 Specifically, the City's claim that its officer witnesses will be (or are allowed to be) armed during their depositions because of General Orders is directly contumacious to the Court's authority to maintain an orderly process. Essentially, the City is maintaining that this Court has no basis to prohibit guns in judicial

proceedings because the officers are possessing their weapons otherwise lawfully or in connection with their employment. Plaintiffs are confident that this is not the policy, nor the desire, of the federal courts.

  10. Furthermore, the City's conduct here, a priori bad faith, is also exposed as a means to manipulate the location where depositions will proceed in a tactical game to gain advantage. This type of conduct cannot be tolerated by any Court, especially at the sacrifice of the right of opposing litigants to be free from oppression, intimidation and personal harm during judicial proceedings.

  11. The Plaintiffs' counsel have in good faith attempted to confer with Counsel for the City in an effort to resolve this dispute without court action, and good cause exists to enter a Protective Order prohibiting any witnesses from being armed with any weapons during the course of any deposition in this matter.

  12. Furthermore, to address the contemptuous conduct of the City of Chicago and its counsel, the Plaintiffs respectfully pray this Court to award the Plaintiffs' their fees incurred in preparing and litigating this motion and proposed Order. Such a sanction is well within this Court's inherent authority, and necessary to address the egregious nature of the conduct at issue herein. Chambers, 502 U.S. at 45-46.

  WHEREFORE, the Plaintiffs, Karolina Obrycka, Martin Kolodziej, and Eva Cepiaszuk, by and through their attorneys, EklWilliams PLLC and the Law offices of Gus Munoz, pray that this Honorable Court enter a Protective Order prohibiting

any witness from being armed during any deposition in this matter, and further as a Sanction against the Defendant, City of Chicago, and its attorneys, Anne McInnis and E. Barrett Rubens, a monetary award of attorneys' fees incurred in connection with the prosecution of this Motion and Order.

                                      Respectfully submitted by,
                                        s/Patrick L. Provenzale
                                      EklWilliams PLLC
                                      Attorneys for Plaintiff

Terry A. Ekl, ARDC # 00727105
Patrick L. Provenzale, ARDC # 6225879
EklWilliams PLLC
Two Arboretum Lakes
901 Warrenville Road, Suite 175
Lisle, IL 60532
(630) 654-0045
(630) 654-0150 Facsimile
tekl@eklwilliams.com
pprovenzale@eklwilliams.com

Gustavo Munoz, ARDC # 6187740
Law Office of Gus Munoz
7557 West 63rd Street
Summit, IL 60501
(708) 924-9000
(708) 924-9004 Facsimile
lawofficeofgusmunoz@yahoo.com