Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 2372 | **DATE** | 6/3/2008 |
| **CASE TITLE** | Obrycka et al vs. City of Chicago et al. | | |

**DOCKET ENTRY TEXT**

Motion hearing held on 6/3/08. Plaintiffs' Motion for Protective Order and Sanctions [121] is granted in part and denied in part as stated in open court. Defendant City's Motion to Reconsider and Motion to Extend Regarding Court-Ordered Responses to Certain Discovery [123] is granted in part and denied in part. It is denied as to reconsideration and granted in part as to the extension. An extension is granted until July 9, 2008. Status hearing remains set for 6/30/08 at 8:30 a.m.

■[ For further details see text below.]

Notices mailed by Judicial staff.

00:10

## STATEMENT

Before the Court is the City of Chicago's Motion to Reconsider the Court's May 13, 2008, Minute Order in which the Court granted in part and denied in part Plaintiffs' Motion to Compel Discovery. For the reasons discussed below, the Court, in its discretion, denies the City's Motion for Reconsideration. The Court grants the City's request for an extension of time in part.

### **LEGAL STANDARD**

Because the Court's May 13, 2008, Minute Order did not dispose of this case in its entirety, the Court reviews the City's Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 54(b). Rule 54(b) states in relevant part:

> any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**Continued...**

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Fed.R.Civ.P. 54(b). Accordingly, the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders are "subject to revision at any time before the entry of judgment adjudicating all the claims." *See* Fed.R.Civ.P. 54(b); *see also Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"). Under Rule 54(b), the Court may correct any manifest errors of fact or law in its earlier orders. *Zurich Capital Mkt., Inc. v. Coglianese*, 383 F. Supp. 2d 1041, 1045 (N.D. Ill. 2005) (citation omitted).

## ANALYSIS

In its Motion for Reconsideration, the City requests the Court to revisit its rulings on Plaintiffs' Document Requests Numbers 12(b) and 20.

## I.      Plaintiffs' Request Number 12(b)

Plaintiffs' Request 12(b) seeks the following documents:

> Any and all documents related to claims or suits brought or filed against you in state or federal court alleging a municipal policy, custom or practice, administered with deliberate indifference and so widespread as having the force of law, of the City of Chicago doing or failing to do any of the following: concealing or suppressing misconduct of its police officers, whether on-duty or off-duty; its failures to accept citizen complaints against police officers, whether on-duty or off-duty; its failures to promptly record witness statements regarding on-duty or off-duty officer misconduct; its failures to promptly interview the suspected officer; its failures to sufficiently discipline offending officers; its allowance of fabrication of exculpatory evidence or destruction of inculpatory evidence; its failures to initiate prompt disciplinary procedures related to alleged misconduct; its application of a "double standard" regarding investigation and charging relating to allegations of misconduct directed at off-duty officers versus allegations of misconduct against other private citizens; its failures to maintain accurate and complete records of complaints and investigations of on-duty or off-duty officer misconduct; its failures to hire and retain qualified candidates and officers and to train and/or supervise its officers; and/or its allowance of a "code of silence" to exist within the Department; in which claims or suits there was either or both (a) a judicial finding or judgment entered, and/or (b) **a monetary settlement or equitable resolution (e.g., consent decree), of the suit or claims.**

In response to Plaintiffs' Motion to Compel, the City objected to Request 12(b) arguing that it was not reasonably calculated to lead to the discovery of admissible evidence because settlements are not admissions of liability. The Court disagreed concluding that under the broad scope of relevance pursuant to Federal Rule of Civil Procedure 26(b)(1), the requested discovery is relevant.

The City also objected to Request 12(b) arguing that it is unduly burdensome, which the Court inadvertently failed to address in its May 13, 2008, Minute Order. The City specifically argues that because it does not maintain business records in a data base that would allow it to identify *Monell* claims, it would have to manually inspect Section 1983 lawsuits that have settled, which could number in the hundreds. Although manually reviewing a few hundred lawsuits is not as convenient as searching a data base, the City's argument does not establish that the burden or expense of the proposed discovery outweighs its likely benefits, and thus the City's argument is unavailing. *See* Fed.R.Civ.P. 26(b)(2)(C)(iii).
**Continued...**

Finally, the City argues that some of the information in Plaintiffs' Document Request 12(b) may be covered by the attorney-client privilege or the work product doctrine. If so, when the City produces these documents, it should provide a privilege log describing the nature of each document being withheld.

**II.     Plaintiffs' Request Number 20**

Plaintiffs' Request for Production Number 20 seeks the following documents:

> For all police officers who was/were assigned as partner of Abbate or who otherwise was/were assigned to the same district as Abbate at any time, produce every document related to every complaint of misconduct made against each such officer, regardless of whether discipline was imposed.

In the Court's May 13, 2008, Minute Order, the Court concluded that this discovery request was not unduly burdensome. The City contends that the Court misapprehended what is required of the City to respond to this request. More specifically, the City maintains that it would have to go through the Nineteenth, Eleventh, and Twentieth Districts' records from September 1996 to March 2007 to identify police personnel who were "assigned to the same district as Abbate at any time." In response to Plaintiffs' Motion to Compel, however, the City based argument on the five year period of March 2002 to March 2007 and the Court made its determination based on this five-year period. Thus, the City will not be burdened by producing documents for the years from 1996 until March 2002, as it now suggests in is Motion for Reconsideration. Therefore, the City's argument that it would be required to review between 60,000 to 75,000 pages of Attendance and Assignment Records is misplaced.

The City further contends that it will have to scrutinize the records to uncover who had been assigned as Abbate's partner, which would be unduly burdensome. The Court already addressed this issue in the May 13, 2008, Minute Order and the City has failed to convince the Court that its original ruling was a manifest error of law or fact. *See Zurich Capital Mkt.,* 383 F. Supp. 2d at 1045. Indeed, the City's contentions that it would have to manually compile a master list of all officers who were assigned to each of the three districts for the time period of March 2002 to March 2007 and review complaint registers for the officers on the master list are similarly unavailing. Meanwhile, without an explanation as to why some of the information Plaintiffs seek is not computerized or stored in a data base, the City has not established that this request is unduly burdensome. *See, e.g., Fridkin v. Minnesota Mut. Life Ins. Co., Inc.,* No. 97 C 0332, 1998 WL 42322, at *3 (N.D. Ill. Jan. 29, 1998). In short, Plaintiffs should not bear the burden of the Chicago Police Department's failure to maintain its records electronically.

Again, the City has failed in its burden of demonstrating that Plaintiffs' request is unduly burdensome. Therefore, the Court denies the City's Motion for Reconsideration regarding Request 20.

**III.     Motion to Extend Time**

Finally, the City requests an extension of time to comply with the Court's order compelling the City to answer certain discovery. The Court grants the City's motion to extend time to respond to outstanding discovery in part. The City must respond on or before July 9, 2008.