**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KAROLINA OBRYCKA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO and ANTHONY ) <br> ABBATE, JR., ) <br> ) <br> Defendants. ) | Case No. 07 C 2372 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On April 30, 2007, Plaintiff Karolina Obrycka brought a five-count Complaint alleging that Defendants City of Chicago and former Chicago police officer Anthony Abbate, Jr. violated her constitutional rights in relation to an incident on February 19, 2007 at Jesse's Shortstop Inn in Chicago, Illinois and the subsequent investigation into that incident. In Count I, Obrycka alleged that the City violated her First and Fourteenth Amendment rights based on the City's *de facto* policy of concealing or suppressing investigations into police officer misconduct, along with a code of silence within the Chicago Police Department. *See Monell v. Department of Soc. Servs. of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In Counts II, III, and IV, Obrycka alleged conspiracy claims against Abbate, the former Defendants to this lawsuit, and other alleged co-conspirators pursuant to 42 U.S.C. §§ 1983. Count V is an indemnification claim against the City pursuant to 735 ILCS 10/9-102.

On February 23, 2012, the Court granted in part and denied in part the City's motion for partial summary judgment as to Counts I and V of the Complaint. On March 15, 2012, the Court set a firm trial date of October 22, 2012. Before the Court is Defendant's omnibus motion in

limine, specifically, parts 4, 6, 10, 14, and 17. For the following reasons, the Court, in its discretion, grants Defendant's omnibus motion parts 4, 6, 10, 14, and 17.

## LEGAL STANDARD

"Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). In limine rulings avoid delay and allow the parties the opportunity to prepare themselves and witnesses for the introduction or exclusion of the applicable evidence. *See Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999); *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989). Trial courts have broad discretion in ruling on evidentiary issues before and during trial. *See Christmas, v. City of Chicago,* 682 F.3d 632, 640 (7th Cir. 2012). Moreover, regardless of the Court's initial ruling on a motion in limine, the Court may alter its discretionary ruling during trial. *See Luce,* 469 U.S. at 41-42; *Farfaras v. Citizens Bank & Trust of Chicago*, 433 F.3d 558, 565 (7th Cir. 2006). The Court will only grant a motion in limine when the evidence is clearly inadmissable for any purpose. *See Jonasson v. Lutheran Child & Family Servs.,* 115 F.3d 436, 440 (7th Cir. 1997); *Betts v. City of Chicago, Ill.,* 784 F.Supp.2d 1020, 1023 (N.D. Ill. 2011).

## ANALYSIS

**I.    City of Chicago Indemnifying Compensatory Damages for Abbate – Part 4**

In part 4 of Defendant's omnibus motion, Defendant seeks to bar evidence or testimony that the City of Chicago may indemnify Defendant Abbate for compensatory damages. In general, courts bar evidence of indemnification because it may encourage juries to inflate compensatory damages awards. *See Lawson v. Trowbridge,* 153 F.3d 368, 379 (7th Cir. 1998).

Plaintiff agrees that the issue of indemnification is irrelevant. Plaintiff argues, however, that she can raise the issue before the jury if "any party makes an issue of Abbate's ability to pay a judgment." Plaintiff's argument goes too far.

If Defendants open the door by presenting evidence or argument of Abbate's financial condition, however, evidence of indemnification may be permissible. *See id.*; *Christmas v. City of Chicago,* 691 F.Supp.2d 811, 819 (N.D. Ill. 2010). As such, if Defendant offers evidence of Abbate's financial condition, Obrycka must front this issue with the Court outside of the presence of the jury. *See Kemezy v. Peters,* 79 F.3d 33, 37 (7th Cir. 1996) ("defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab"). The Court therefore grants Defendant's in limine motion in this respect without prejudice.

## II.  Punish/Send a Message – Part 6

In part 6 of Defendant's omnibus motion, the City moves to bar Obrycka from arguing that the jury should "send a message" or punish the City with its verdict. Plaintiff unhelpfully responds that the City's request "contradicts reality." The Court grants Defendant's motion because any such statements implicate punitive damages, which Obrycka is not seeking against Defendant Abbate and cannot recover from the City pursuant to 745 ILCS 10/2-102. *See Betts v. City of Chicago,* 784 F.Supp.2d 1020, 1033 (N.D. Ill. 2011); *Christmas v. City of Chicago,* 691 F.Supp.2d 811, 820 (N.D. Ill. 2010).

## III.  Waited Long Time for Day in Court – Part 10

Next, in part 10, the City maintains that Obrycka should be barred from presenting evidence, argument, or comment about waiting for her day in court because whatever probative value this evidence may have is substantially outweighed by unfair prejudice, especially because

3

this matter was stayed during Defendant Abbate's pending criminal proceedings. *See* Fed.R.Evid. 403. The Court agrees. It is common practice for federal courts to stay civil actions pending a parties' criminal prosecution. *See Wallace v. Kato,* 549 U.S. 384, 394, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007); *see, e.g., Harris v. City of Chicago*, 266 F.3d 750, 752 (7th Cir. 2001). Also, Plaintiff fails to recognize that many of the delays in this matter where due her own attorneys' repeated requests for extensions of time. (*See, e.g.,* R. 160, 203, 274, 278, 322, 491, 495, 523.) Because of the circumstances of this lawsuit, including counsel's own delays, the Court grants the City's in limine motion to bar evidence concerning Plaintiff waiting for her day in court.

### IV.    Fraternal Order of Police Disclaimer – Part 14

The City also seeks to bar evidence, argument, or comments relating to the standard Fraternal Order of Police disclaimer contained in the police officers' written statements in part 14 of its omnibus motion. To clarify, as part of the internal investigations following the Abbate incident, several supervisors ordered certain police officers to give oral and/or written statements of the incident under the penalty of dismissal if they refused to comply. As a preface to each statement, the officers included a standard form disclaimer supplied by the Fraternal Order of Police. The disclaimer states that the officer is not providing the statement voluntarily, but rather upon the direct order of a superior officer. The City contends that the purpose of the disclaimer is to preserve the police officers' Fifth and Fourteenth Amendment rights against self-incrimination while allowing the Chicago Police Department to conduct internal investigations. *See Garrity v. New Jersey,* 385 U.S. 493, 497, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) (holding that police statements made under threat of discharge violated Fifth Amendment); *United States v.*

*Devitt,* 499 F.2d 135, 142 (7th Cir. 1974) ("*Garrity* provides the witness with adequate protection against the government's use, in subsequent criminal proceedings, of information obtained as a result of his testimony, where his refusal to testify would form the basis for disciplinary action against him.").

In response, Plaintiff argues that these disclaimers are highly probative because they show that the City was treating the conduct of the police officers as administrative employment issues and that by delivering the disclaimer to the police officers, the City was signaling to the officers that it was not going to criminally investigate their conduct. Accordingly, Plaintiff posits that the Fraternal Order of Police disclaimers are evidence of the existence of the City's de facto policy of inadequate investigation and discipline of officer misconduct.

Plaintiff's argument is not only attenuated, but is based on a misunderstanding of the *Garrity* disclaimers. The City does not "deliver" these disclaimers to its police officers, instead, the Fraternal Order of Police, Lodge 7 "a labor organization with the exclusive right to represent and bargain on behalf of police officers employed by the City," instructs its members to make these disclaimers before giving statements in internal investigations. *See Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 814 (7th Cir. 2009); *Saunders v. Chicago*, 320 F.Supp.2d 735, 739-40 (N.D. Ill. 2004). Therefore, what little probative value these disclaimers may have is substantially outweighed by the unfair prejudice that the jury will conclude that the police officer would not have made this statement unless he had done something wrong. *See* Fed.R.Evid. 403; *Whitehead v. Bond,* 680 F.3d 919, 930 (7th Cir. 2012) ("Evidence is unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis"). Therefore, the Court grants the City's motion to bar evidence,

5

argument, or comments relating to the standard Fraternal Order of Police disclaimer, and, if the parties introduce the actual statements into evidence, the disclaimer must be redacted. *See Saunders,* 320 F.Supp.2d at 740.

### V.     City's Conduct During Discovery – Part 17

In part 17, the City moves to bar evidence of its conduct during discovery. *See Soltys v. Costello,* 520 F.3d 737, 744 (7th Cir. 2008) (improper for attorneys to discuss discovery defects at jury trial). Plaintiff agrees not to introduce any such evidence except that she alleges that during discovery, the City attorneys intentionally withheld a police report in relation to Charles Halpern's deposition, which was held on November 10, 2008. Plaintiff maintains that the intentional withholding of this document is additional evidence of the code of silence. Plaintiff, however, never pursued discovery sanctions based on this alleged discovery violation. Moreover, fact discovery closed on April 30, 2009, and the Court will not entertain Plaintiff's discovery argument – which is tenuous at best – at this late juncture. *See In re Sulfuric Acid Antitrust Litig.,* 230 F.R.D. 527, 533 (N.D. Ill. 2005) (party waived discovery objection by bringing it after close of discovery). The Court therefore grants Defendant's motion in limine to bar evidence of the City's alleged misconduct during discovery.

### CONCLUSION

For the these reasons, the Court grants parts 4, 6, 10, 14, and 17 of Defendant's omnibus motion.

**Date:** September 14, 2012

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**