IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KAROLINA OBRYCKA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-cv-2372 |
| | ) | |
| CITY OF CHICAGO, et al., | ) | The Hon. Amy St. Eve |
| | ) | |
| Defendants. | ) | |

**MOTION OF THE ACCOUNTABILITY PROJECT AND
THE JUSTICE CENTER FOR LEAVE TO INTERVENE
FOR THE PURPOSE OF FILING AN *AMICUS* BRIEF**

Proposed intervenors the Police Accountability Project of the University of Chicago's Mandel Legal Aid Clinic (the "Accountability Project") and the Roderick and Solange MacArthur Justice Center at Northwestern University School of Law (the "Justice Center"), by their undersigned counsel, pursuant to Federal Rule of Civil Procedure 24 and Local Rule 5.6, respectfully move this Court for entry of an order granting them leave to intervene for the limited purpose of filing an amicus brief in response to the parties' joint motion to vacate the judgment. In support, the Accountability Project and the Justice Center state:

**INTRODUCTION**

1. The Accountability Project and the Justice Center are public interest organizations that seek to be heard on the parties' agreed motion to vacate verdict, which is now pending before this Court. Both parties to the litigation apparently believe that vacating the jury's verdict in this matter is in their respective financial interests. The movants urge this Court to permit them to intervene for the limited purpose of submitting an amicus brief addressing why the relief

the parties seek is not in the public interest, and should be rejected on that basis notwithstanding the parties' agreement.

## BACKGROUND

2.    After the parties were unable to resolve this dispute through negotiation, they asked the Court to impose upon the public the burden of adjudicating their dispute for them via a public trial. To that end, nine members of our community answered the call to perform their civic duty as jurors. After hearing days of testimony and a number of witnesses, that jury returned a verdict finding, *inter alia,* that the City of Chicago's policy and practice was constitutionally deficient in in that it enabled a "code of silence" in the Chicago Police Department.

3.    As the Court is no doubt aware, the code of silence verdict against the City of Chicago was of substantial significance to the community at large. The progress of the trial was followed closely by the public, both in person and in regular media accounts.

4.    On November 13, 2012, this Court entered judgment against Defendant City of Chicago based on the jury's finding. *See* Doc. Nos. 684 (judgment); 681 (jury instructions).

5.    On December 3, 2012, the parties to this action filed a motion to vacate the judgment entered against the City of Chicago in this case. *See* Doc. No. 686.

## DISCUSSION

6.    Vacatur of a judgment is an extraordinary remedy. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000). In deciding whether to vacate the judgment, the Court must weigh the public interest against the private interests of the parties. *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 386 (1994). *See also In re Memorial*

*Hospital*, 862 F.2d 1299, 1302 (7th Cir. 1988) (counseling against settlement that "squanders judicial time that has already been invested," and noting that "[p]recedent, a public act of a public official, is not the parties' property. . . . To the extent an opinion permits the invocation of *Parklane* [*Hosiery Co. v. Shore*, 439 U.S. 322 (1979)], it may have great value to strangers—a value that one or another party to today's case may try to appropriate in the settlement, but which is not theirs to sell.") (Easterbrook, J.).

7. Because it appears that both parties to this action seek vacatur of the judgment, the Court will therefore hear no shortage of argument as to why vacatur serves their private interests. The City's memorandum, for example, makes no secret of its motivation, namely, to avoid any preclusive effect this judgment might have in other litigation. *See* Doc. No. 687. The Plaintiff's Memorandum likewise cites her "private interests," including the desire to facilitate prompter payment, and the elimination of uncertainty over the outcome.

8. On the other side of the equation, the proposed intervenors seek leave to file an amicus brief addressing the public's interest in ensuring that the City not be permitted to "buy its way out of this judgment." The Accountability Project and the Justice Center respect the parties' desire to resolve this litigation in a manner that best serves their clients' private needs. But it is imperative, nonetheless, that the Court give careful consideration to the public interest as well. Therefore, the Accountability Project and the Justice Center request the opportunity to brief the issue of whether a vacatur of judgment under these circumstances is appropriate under applicable law.

9. Allowing intervention for this limited purpose will ensure that the Court has the benefit of full argument on the public interest issues before deciding whether to vacate the

3

judgment. The amicus brief will provide the Court with the benefit of public interest arguments that must be considered in order to properly resolve the pending motion, but which will not otherwise be presented.

10. The Accountability Project and the Justice Center intend to prepare and file an amicus brief no later than Monday, December 10.

WHEREFORE, the Accountability Project and the Justice Center respectfully move to intervene in this matter for the limited purpose of filing an amicus brief opposing the parties' motion to vacate the judgment.

Respectfully submitted,

**THE POLICE ACCOUNTABILITY PROJECT OF THE UNIVERSITY OF CHICAGO'S MANDEL LEGAL AID CLINIC**

**THE RODERICK AND SOLANGE MACARTHUR JUSTICE CENTER**

By: /s/ Locke E. Bowman
      One of their attorneys

Locke E. Bowman
Roderick and Solange MacArthur Justice Center
Northwestern University School of Law
375 East Chicago Avenue
Chicago, IL 60611
312 503 0844
l-bowman@law.northwestern.edu

Craig B. Futterman
University of Chicago Law School
Mandel Legal Aid Clinic
6020 S. University
Chicago, IL 60637

(773) 702-9611
futterman@uchicago.edu

## CERTIFICATE OF SERVICE

  I, Locke E. Bowman, an attorney, certify that on December 4, 2012, before the hour of midnight, I served a copy of the foregoing document on all counsel of record via the Court's ECF system.


                    /s/ Locke E. Bowman